IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROGER WHITE, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | |
| | : | NO. _____ |
| GC SERVICES LIMITED PARTNERSHIP, a Delaware limited partnership, | : | |
| Defendant. | : | |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is authorized by law to bring this action.

4. Defendant, GC SERVICES LIMITED PARTNERSHIP, is a limited partnership formed under the laws of the State of Delaware and maintains a registered agent in this State, District and Division. [Hereinafter, said Defendant is referred to as "GC SERVICES"].

5. GC SERVICES transacts business in this state.

6. GC SERVICES's transactions in this state give rise to the Plaintiff's cause of action.

7. GC SERVICES is subject to the jurisdiction and venue of this Court.

8. GC SERVICES may be served by personal service upon its registered agent in the State of Georgia, to wit: C.T. Corporation System, 1201 Peachtree Street, N.E., Atlanta, GA 30361.

9. Alternatively, GC SERVICES may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Delaware.

## FACTS COMMON TO ALL CAUSES

10. GC SERVICES uses the mails in its business.

11. GC SERVICES uses telephone communications in its business.

12. The principle purpose of GC SERVICES's business is the collection of debts.

13. GC SERVICES regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14. GC SERVICES is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, GC SERVICES communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

16. The alleged debt which GC SERVICES attempted to collect from the plaintiff was incurred for personal, family or household purposes.

17. During the preceding 12 months, GC SERVICES left a series of telephone messages for Plaintiff requesting a return call.

18. In some of the messages, GC SERVICES did not meaningfully disclose its identity.

19. In some of the messages, GC SERVICES did not state that the communications were from a debt collector.

20. In some of the messages, GC SERVICES did not state that the purpose of the communications were an attempt to collect a debt.

21. Defendant's communications violate the Fair Debt Collection Practices Act.

22. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

### COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

23. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

24. Defendant's violations of the FDCPA include, but are not limited to, the following:

25. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

26. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

27. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

28. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

 /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610
Justin T. Holcombe
Georgia Bar No. 552100

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
 Suite 204 ● Decatur, GA 30030
(404) 373-1970 ● fax: (404) 601-1855